IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK STOUT,** | : | **CIVIL NO. 1:17-CV-2137** |
| Petitioner | : | **(Chief Judge Conner)** |
| v. | : | |
| **TAMMY FERGUSON,** *et al.*, | : | |
| Respondents | : | |

# **MEMORANDUM**

Petitioner Mark Stout ("Stout") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). For the reasons discussed below, the court will deny the petition.

## I.  **Background**[1]

On or about December 20, 2013, Stout was charged with 200 counts of possession of child pornography and one count of criminal use of a communication facility. (Doc. 1; Commonwealth v. Stout, No. CP-40-CR-258-2014 (Pa. Ct. Com. Pl. Luzerne Cty.)). On September 26, 2014, Stout pleaded guilty to the charges. (Id.)

---

[1] A federal habeas court may take judicial notice of state court records. Minney v. Winstead, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Luzerne County, and the Superior Court of Pennsylvania.

On March 24, 2015, Stout entered a guilty plea to two more counts of possession of child pornography and another count of criminal use of a communication facility. (Doc. 15-1, at 3-4, Disposition Sheet). Also on March 24, 2015, Stout was sentenced on both criminal informations to an aggregate term of imprisonment of 7½ to 15 years. (Id.) Stout filed two motions to reconsider his sentence. (See Doc. 15-1, at 7). On April 28, 2015, the motions were denied. (Id.)

Stout filed a timely direct appeal. (Doc. 15-1, at 5, Notice of Appeal; see also Commonwealth v. Stout, 1143 MDA 2015 (Pa. Super.)). On December 30, 2015, the appeal was discontinued. (Doc. 15-1, at 76-77, Superior Court's Notice of Discontinuance of Action).

On February 12, 2016, Stout filed a timely *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 15-1, at 80-88, PCRA Petition). The PCRA court dismissed the petition, without prejudice, as premature.

On May 20, 2016, Stout filed another timely *pro se* PCRA petition. (Doc. 15-1, at 90-99, PCRA Petition). Counsel was appointed to represent Stout and subsequently submitted a "no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). (See Doc. 15-1, at 107-08). The PCRA court granted the motion to withdraw filed by PCRA counsel. (See id.) On August 22, 2016, the PCRA court dismissed the petition. (Doc. 15-1, at 102, PCRA Court Order). Stout filed a timely notice of appeal to the Pennsylvania Superior Court challenging the effectiveness of

his plea counsel. (Doc. 15-1, at 105, Notice of Appeal; see also Commonwealth v. Stout, 1600 MDA 2016 (Pa. Super.)). On July 17, 2017, the Pennsylvania Superior Court affirmed the PCRA court's decision denying the petition. Commonwealth v. Stout, 2017 WL 3017081 (Pa. Super. 2017). Stout did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On November 15, 2017, Stout filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II. Standards of Review

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 68.

### A. Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or

3

circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[2] Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999); see also Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, Picard v. Connor, 404 U.S. 270,

---

[2] In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

4

278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting Picard, 404 U.S. at 275, 92 S.Ct. 509).

### B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law

5

if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." Breighner v. Chesney, 301 F. Supp. 2d

354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Porter, 276 F. Supp. 2d at 296; see also Williams v. Taylor, 529 U.S. 362, 408-09 (2000); Hurtado v. Tucker, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp. 2d at 296; see also Williams, 529 U.S. at 408-09.

### C. Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance of counsel also extends to the first appeal. Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). In Strickland, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. Strickland, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. See id.

---

[3] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

In evaluating the first prong of the Strickland test, the court must be "highly deferential" toward counsel's conduct. Id. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "Strickland and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." Rolan v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing Strickland, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. Strickland, 466 U.S. at 691; United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. See Thomas v. Varner, 428 F.3d 491, 502 (3d Cir. 2005).

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the Strickland test. Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. Strickland, 466 U.S. at 697.

## III. Discussion

Stout asserts ineffective assistance of trial counsel on the following four grounds: (1) failure to engage in adequate pretrial preparation; (2) failure to file a motion to withdraw his guilty plea; (3) failure to challenge the sufficiency of the evidence; and, (4) failure to file a direct appeal. (Doc. 1, at 5-10). The court will first address grounds 1, 3, and 4, which have been procedurally defaulted, thus warranting no merits analysis, before turning to ground 2, which was presented to and denied by the state court.

### A. Grounds 1, 3, and 4

In his PCRA petition, Stout simply checked every box claiming that he was entitled to post-conviction relief. (Doc. 15-1, at 91). Stout did not set forth any of the specific claims of ineffectiveness contained in the instant habeas petition. The PCRA court denied the petition and, on appeal, Stout asserted that he was denied the right to effective assistance of counsel during pretrial proceedings. Stout did not set forth his claims of ineffectiveness based on trial counsel's failure to challenge the sufficiency of the evidence and failure to file a direct appeal.

The Superior Court ultimately affirmed the denial of the PCRA petition and found that Stout's claim of ineffectiveness during pretrial proceedings was waived. The Pennsylvania Superior Court found as follows:

> Stout also baldly claims that he was denied the right to counsel at his arraignment and preliminary hearing. Brief for Appellant at 4 (unnumbered). However, Stout failed to include these claims in his Concise Statement, and therefore, they are waived. See Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement . . . are waived."). Additionally, Stout failed to develop these issues in a meaningful fashion capable of our review. See Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); see also Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Commonwealth v. Stout, 2017 WL 3017081, at *2, n.4.

To properly exhaust his state remedies, Stout was required to fairly present his claims to the state court, either on direct appeal or by collateral review. See Castille, 489 U.S. at 349-50; Blasi v. Attorney General of Pa., 30 F. Supp. 2d 481, 487 (M.D. Pa. 1998). The record is clear that Stout failed to raise grounds 3 and 4 in the state court proceedings, and waived ground 1 under state law. These claims are thereby defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996) (concluding, "if the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed"). Stout's failure to timely and properly pursue these claims at the state level constitutes an independent and adequate state

10

ground sufficient to support a procedural default of the claim. See Barnhart v. Kyler, 318 F. Supp.2d 250 (M.D. Pa. 2004). Stout is not entitled to federal habeas review of these claims unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015). Stout fails to acknowledge his procedural default of these claims, and fails to allege any cause and prejudice to excuse it. (See Doc. 1; see also Teague v. Lane, 489 U.S. 288, 298 (1989) (holding that the petitioner's failure to allege cause for his default precluded federal habeas review of a defaulted claim)). Nor is there any indication that a failure to review these claims will result in a fundamental miscarriage of justice. Consequently, Stout is precluded from pursuing federal habeas corpus relief with regard to counsel's alleged ineffectiveness during pretrial preparation, failure to challenge the sufficiency of the evidence, and failure to file a direct appeal.

Furthermore, any attempt by Stout to exhaust his state remedies at this time would be futile because these claims are procedurally defaulted due to waiver of the claims and expiration of the PCRA statute of limitations. See 42 PA. CONS. STAT. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this subchapter, including a second or subsequent petition,

11

shall be filed within one year of the date the judgment becomes final"). Because Stout is in procedural default for failing to comply with the state filing requirements, the merits of grounds 1, 3, and 4 need not be considered here. See Coleman, 501 U.S. at 750.

### B.   Ground 2

In ground 2, Stout alleges that trial counsel was ineffective in failing to file a motion to withdraw his guilty plea. In a threshold, preemptive fashion, the Superior Court observed that Stout failed to set forth any argument that he would be entitled to withdraw his guilty plea, if the motion had been filed. The Superior Court then concluded that Stout was unable to show that he was prejudiced by counsel's failure to file a motion to withdraw his guilty plea, and stated that:

> Stout's guilty plea was knowingly, intelligently, and voluntarily entered. Here, the trial court conducted oral colloquies on the record, during which Stout acknowledged that he was pleading guilty of his own free will, and no one was forcing him to plead guilty; he understood the nature of the charges; he understood that he was giving up certain constitutional rights, including the presumption of innocence and the right to a jury trial; he understood the maximum sentences he could receive for each charge, and that his sentences could be imposed consecutively; and he agreed to the facts underlying each charge.

Commonwealth v. Stout, 2017 WL 3017081, at *3 (citations omitted).

In the context of a guilty plea, Strickland's prejudice test requires the petitioner to establish "that there is a reasonable probability that, but for counsel's errors [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart,

12

474 U.S. 52, 59 (1985)). Consistent with Strickland, Stout was required to affirmatively demonstrate to the state court that he asked counsel to file a motion to withdraw his plea, that counsel ignored this request, and that he suffered prejudice as a result. Strickland, 466 U.S. at 687-89. The state court rejected this claim. The state court determined that Stout had been fully informed about the terms of his plea, the plea was not unlawfully induced, he understood the nature of the charges and the fact that he was giving up certain rights, that he could receive the maximum sentence for each charge, and that he agreed to the facts of each charge. See Commonwealth v. Stout, 2017 WL 3017081, at *3; see also Doc. 15-1, at 100-01, PCRA Court Notice of Intention to Dismiss Petition. Because the Superior Court found that Stout failed to make an adequate showing on the prejudice prong, no analysis of the performance prong was required. See Strickland, 466 U.S. at 697. The state court decision is not contrary to, nor an unreasonable application of, Strickland, and this ineffectiveness claim provides no basis for habeas relief.

## IV. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

13

encouragement to proceed further." Miller-El, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## V. **Conclusion**

The court will deny Stout's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An appropriate order shall issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: September 11, 2019